IN THE MATTER OF ROBERT W. LEWANDOWSKI,
AN ATTORNEY AT LAW.

Argued April 7, 1970—Decided July 6, 1970.

*Mr. Andrew V. Clark,* for the order.

*Mr. William J. Hamilton, Jr.,* argued the cause for respondent.

PER CURIAM. Patrick J. Merola was indicted for bookmaking on December 17, 1964. He was not tried until January 1967, when he was convicted. On March 6, 1967 he was sentenced to 2 to 4 years and fined $2,000. On March 29, 1967 he filed a notice of appeal and on April 3, 1967 he was continued on bail. On December 11, 1967 the Appellate Division affirmed the conviction. On January 18, 1968 both a notice of appeal and a notice of petition for certification to our Court were filed.

Merola was defended at the trial by a member of the firm which represented him and that member argued the appeal in the Appellate Division. Respondent, Robert W. Lewandowski, an associate of the firm, handled some pretrial motions and prepared the brief on the appeal to the Appellate Division. Respondent admits he was charged with the prosecution of the further proceedings before our Court.

Respondent did nothing whatever in furtherance of the notice of appeal and notice of petition for certification filed on January 18, 1968. Nor did the County Prosecutor move to dismiss for lack of prosecution. On May 31, 1968 the Clerk of our Court called upon the Prosecutor to make that motion. The Prosecutor served the motion on June 7, 1968. There was no response to it, and on July 8, 1968 the appeal and the application for certification were dismissed.

Throughout that period, Merola was on bail. There is no explanation as to why the Prosecutor did not have Merola committed promptly upon the entry of our order of July 8, 1968. We gather only that the Chief of Detectives telephoned respondent and was assured by him that he would seek to have the appellate proceedings reinstated. Respondent did nothing for almost four months, until he applied to the trial court for and obtained an order dated November 4, 1968 continuing Merola on bail. That order referred to the dismissal of appeal and recited:

It further appearing that a petition has been made to the Supreme Court with the consent of the Prosecutor of Middlesex County to reinstate the appeal to the Supreme Court.

The quoted recital was not true. No such petition had been filed with our Court. Respondent testified that when the trial judge asked whether the petition had been filed in accordance with the recital, he told the judge he had the petition with him and would file it, with the Prosecutor's consent, by the following day. As to this the trial judge had no recollection either way. In any event the petition was

not filed even in accordance with the oral representation. In fact, respondent did not execute his affidavit attached to that petition until November 29, which was 25 days after he had obtained the order continuing Merola on bail. Nor was the petition filed even then. It was not until February 25, 1969 — more than 14 months after the affirmance of the conviction by the Appellate Division and more than seven months after we dismissed the dormant proceedings before us — that respondent sent the petition to the Clerk of the Supreme Court.

We sent the matter to the Ethics Committee. There respondent denied that he had sought only to delay Merola's commitment to jail. The Ethics Committee accepted that disavowal. It thought that respondent had been immobilized by a lack of confidence in a further review, evidenced by the thinness of the issues in the appeal. Although it concluded that respondent merited a private reprimand because his failure deprived Merola of a disposition of his appeal before our Court on the merits (we did not have that charge in mind when we referred the matter to the Committee), the Committee thought respondent's conduct did not otherwise offend the canons of ethics. We are unable to accept that appraisal. Whatever his motivation, or lack of it, respondent's indifference to the rules of this Court and to his obligation as its officer was cavalier and flagrant. His behavior was plainly unethical.

He is accordingly adjudged guilty and is sharply reprimanded.

*For reprimand*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*Opposed*—NONE.